United States Bankruptcy Court

Middle District of Pennsylvania

In re:                                                              Case No. 26-00196-MJC

Phillip Delgado                                                     Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5                    User: AutoDocke                         Page 1 of 2

Date Rcvd: May 19, 2026                 Form ID: pdf002                         Total Noticed: 18

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^      Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 21, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Phillip Delgado, 109 Corktree Road, Kunkletown, PA 18058-8126 |
| 5775734 | | Commonwealth of Pennsylvania, Department of Revenue, PO Box 280431, Harrisburg, PA 17128?0431 |
| 5775738 | + | The Woods POA, 7164 Route 209, Stroudsburg, PA 18360-7108 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5786784 | + | Email/Text: feedback@cascadereceivables.com | May 19 2026 18:51:00 | CASCADE CAPITAL FUNDING, LLC, 5341 Old Redwood Hwy Suite 210, Petaluma, CA 94954-7127 |
| 5775733 | + | Email/PDF: acg.coaf.ebn@aisinfo.com | May 19 2026 18:53:08 | Capital One Auto Finance, 7933 Preston Road, Plano, TX 75024-2302 |
| 5779953 | + | Email/PDF: acg.acg.ebn@aisinfo.com | May 19 2026 18:53:08 | Capital One Auto Finance, a division of, AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5785555 | + | Email/PDF: acg.acg.ebn@aisinfo.com | May 19 2026 18:53:14 | Capital One Auto Finance, a division of Capital On, 4515 N. Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5775735 | ^ | MEBN | May 19 2026 18:47:22 | GoodLeap, LLC, PO Box 850717, Richardson, TX 75085-0717 |
| 5775736 | | Email/Text: sbse.cio.bnc.mail@irs.gov | May 19 2026 18:51:00 | Internal Revenue Service, Centralized Insolvency Operation, PO Box 7346, Philadelphia, PA 19101-7346 |
| 5781125 | + | Email/Text: RASEBN@raslg.com | May 19 2026 18:51:00 | JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., Robertson, Anschutz, Schneid,, Crane & Partners, PLLC, 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487-2853 |
| 5780991 | | Email/PDF: resurgentbknotifications@resurgent.com | May 19 2026 18:53:08 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 5787699 | + | Email/PDF: ebnotices@pnmac.com | May 19 2026 19:05:01 | PENNYMAC LOAN SERVICES, LLC, P.O. Box 2410, Moorpark, CA 93020-2410 |
| 5782296 | | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | May 19 2026 18:53:14 | PORTFOLIO RECOVERY ASSOCIATES, LLC, POB 41067, Norfolk, VA 23541 |
| 5780621 | ^ | MEBN | May 19 2026 18:47:12 | PPL Electric Utilities, 827 Hausman Rd, Allentown, PA 18104-9392 |
| 5776022 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | May 19 2026 18:51:00 | Pennsylvania Department of Revenue, Bankruptcy Division, PO Box 280946, Harrisburg, PA 17128-0946 |
| 5775737 | + | Email/PDF: ebnotices@pnmac.com | May 19 2026 19:05:00 | Pennymac Loan Services, LLC, PO Box 950002, |

| Recip ID | Notice Method | Date/Time | Name and Address |
|---|---|---|---|
| 5786904 | Email/Text: bnc-quantum@quantum3group.com | May 19 2026 18:51:00 | Fort Worth, TX 76155-9802 Quantum3 Group LLC as agent for, GoodLeap, PO Box 788, Kirkland, WA 98083-0788 |
| 5776098 | Email/PDF: OGCRegionIIIBankruptcy@hud.gov | May 19 2026 18:53:08 | U.S. Department of Housing and Urban Development, The Strawbridge Building, 801 Market Street 12th Floor, Philadelphia, PA 19107 |

TOTAL: 15

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | *+ | Capital One Auto Finance, a division of Capital On, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5780992 | * | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |

TOTAL: 0 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 21, 2026         Signature:       /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 19, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos | ecf_pahu_alt@trustee13.com |
| Matthew K. Fissel | on behalf of Creditor PENNYMAC LOAN SERVICES LLC bkgroup@kmllawgroup.com, wbecf@brockandscott.com |
| Steven R Savoia | on behalf of Debtor 1 Phillip Delgado ssavoia@ptd.net |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**PHILLIP DELGADO**

|  |  |
|---|---|
| **CHAPTER:** | **13** |
| **CASE NO.** | **5:26-bk-00196-MJC** |

**Debtor(s)**

☐ ORIGINAL PLAN

1st AMENDED PLAN (indicate #)

**0** Number of Motions to Avoid Liens

**0** Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. Plan Payments From Future Income

1. To date, the Debtor paid $ 710.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ $ 49,532.50 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2026 | Already Paid | $ 710.00 | | $ 710.00 | $ 710.00 |
| 3/2026 | 1/2031 | $ 827.50 | | $ 827.50 | $ 48,822.50 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $ 49,532.50 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. *Check One:*
   ☑ Debtor is at or under median income.

### B. Additional Plan Funding From Liquidation of Assets/Other

1. The Debtor estimates that the liquidation value of this estate is $ 60,000. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2

*Check one of the following two lines:*

☒    No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

☐    Certain assets will be liquidated as follows:

2.  In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $   0.00    from the sale of property known and designated as   0.00   . All sales shall be completed by N/A. If the property does not sell by the date specified, then the disposition of the property shall be as follows: N/A

3.  Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:  N/A

## 2.  SECURED CLAIMS.

*A.*  <u>**Pre-Confirmation Distributions**</u>.   *Check One:*

☑    None.

**B.**  <u>**Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**</u>.   *Check One:*

☐    None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒    Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Pennymac (POC #15) | 109 Corktree Road, Kunkletown, PA | 8957 |
| U.S. Gov't (No Monthly Payments Due) (POC #2) | 109 Corktree Road, Kunkletown, PA | |
| Goodleap (Solar)(No Arrears/ Monthly Payments Only)(POC #14) | 109 Corktree Road, Kunkletown, PA | 2879 |

3

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Pennymac (POC #15) | 109 Corktree Road, Kunkletown, PA | $ 13,575.14 | | $ 13,575.14 |
| Capital One Auto Finance (POC #12) Full Balance Due to be paid through plan (oversecured) | 2018 Dodge Journey | $ 4,013.18 | | $ 4,013.18 |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

☑ None.

**E. Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ None.

**F. Surrender of Collateral.** *Check One:*

☑ None.

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check One:*

☑ None.

4

**3. PRIORITY CLAIMS.**

    **A. <u>Administrative Claims</u>**

1.   <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2.   <u>Attorney's fees</u>. Complete only one of the following options:

    a. In addition to the retainer of $ 2,500.00 already paid by the Debtor, the amount of $ 2,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ 2,500.00. This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

3.   Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*
    ☑ None.

    **B. <u>Priority Claims (including certain Domestic Support Obligations).</u>**

    Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| IRS (POC #10) | $ 13,204.10 |
| Pa Commonwealth (POC #1) | $ 1,696.55 |

    *C.* **<u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>**. *Check one:*

None.   ☑

**4. UNSECURED CLAIMS.**

5

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

    ☑ None.

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.** Payments to allowed unsecured claims 3, 8, 9, 11 and 13 only).

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

    ☐ None.
       *If this is checked, the rest of § 5 need not be completed or reproduced.*

    ☒ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| Tolino Fuel Services | Business Premises | $ 1,200.00 | N/A | $ 0.00 | $ 0.00 | Assume |

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

        ☐ plan confirmation.
        ☐ entry of discharge.
        ☒ closing of case.

7. **DISCHARGE:** *(Check one)*

    ☒ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

    *If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the

6

Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.


**9. NONSTANDARD PLAN PROVISIONS.**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Debtor acknowledges the secured debt at 0% interest owing to U.S. Dept. of Housing and Urban Development asserted at POC #2 requiring no regular payments, only due on sale repayment or at maturity.

Debtor acknowledges the secured debt asserted at POC #14 regarding solar panels financed by Goodleap requiring no pre-petition obligations to be cured. Recent group arbitration settled requiring future payments only.

This plan pays 100% to holders of allowed claims, including unsecured portion of IRS POC #10.


Dated: May 18, 2026                     /s/ Steven R. Savoia (Atty ID 92253)
                                        Attorney for Debtor

                                        /s/ Phillip Delgado
                                        Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

7